JAMES KNOWLES *vs.* WOOLFORD L. WALLER, Administrator of EBENEZER WALLER, deceased.

*Scire Facias On Judgment—Presumption of Payment from Lapse of Time—Presumption Rebuttable—Evidence— Transactions with Deceased—Insolvency of Defendant—Nonsuit— Statute.*

1.   There is no Statute of Limitations in this State as to judgments; but there is a well settled rule of law as to presumption of payment arising after the lapse of twenty years.   This is not an irrebuttable presumption, but it stands until it is rebutted by lawful and proper evidence.   The *onus* of rebutting it rests upon the plaintiff who claims that the judgment is still valid.

2.   There is a statute which provides, "That in actions or proceedings by or against executors, administrators or guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator intestate or ward unless called to testify thereto by the opposite party," but there is nothing in this statute which prevents the plaintiff from testifying as to transactions between him and the defendant administrator.

3.   Payment or non-payment of a judgment by the deceased is clearly a transaction within the meaning of the statute,

4.   *Held,* that the evidence in the case was not sufficient to prove, or to warrant a jury in finding, that the estate of the deceased was insolvent during the long period which elapsed after the judgment was entered, or during the period of twenty years next before the action was brought.

5.   *Held* further, that the presumption of payment from lapse of time was not rebutted, and that a nonsuit should be entered,

Judges SPRUANCE and BOYCE sitting.

*Andrew J. Lynch* for plaintiff.

*Woodburn Martin* for defendant.

Superior Court, Sussex County, April Term, 1905.

Scire Facias on Judgment.

At the trial it was proved that the plaintiff, on September seventh, 1872, obtained a judgment by confession against Ebenezer Waller for one hundred and fifty dollars, and the plaintiff testified that only seventy-four dollars and fifty-cents had been paid on account of the same. This suit was brought to recover the balance claimed to be due.

When the plaintiff rested, Martin, for the defendant, moved for a nonsuit on the grounds that the judgment was thirty-three years old, and was presumed to have been paid; that there had been sufficient assets in the defendant's possession during the period mentioned to have paid the debt; that the plaintiff knew nothing about the judgment until three years ago, said judgment having been discovered on the record in searching a title; that the plaintiff was not a competent witness to testify that the balance had not been paid, because he would be testifying to a transaction with the deceased, which was contrary to the statute; that there was therefore no evidence to rebut the presumption of payment.

Spruance, J.:—We have no statute of limitations as to judgments; but there is a well settled rule of law as to presumption of payment arising after the lapse of twenty years. That is not an irrebuttable presumption, but it stands until it is rebutted by lawful and proper evidence. The *onus* of rebutting it rests upon the plaintiff who claims that the judgment is still valid and should be collected.

The question is whether the plaintiff has rebutted the presumption of payment by the evidence which he has offered.

The plaintiff was the only witness examined on his behalf. He testified that the judgment had not been paid except as to the seventy-four dollars now allowed as a credit.

We have a statute which provides, "that in actions or proceedings by or against, executors, administrators or guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to

any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party.''

*Vol* 16 *Laws of Del. Chap.* 537.

There is nothing in this statute which prevents the plaintiff from testifying as to transactions between him and the defendant administrator. It was therefore competent for him to testify that the said administrator never paid to him this judgment, but the plaintiff was prohibited by this statute from testifying as to any transaction between him and the deceased Ebenezer Waller.

Payment or non-payment of said judgment by the said deceased is clearly a transaction within the meaning of the statute.

Our conclusion therefore is that the above mentioned testimony of the plaintiff, so far as it relates to the question of the payment or non-payment of said judgment by the said deceased must be rejected.

The plaintiff alleges the insolvency of the estate of the deceased as the reason for his long delay in taking proceedings to enforce the payment of this judgment.

He testified that after he entered the judgment he was told "that it was not worth while to have it entered—that Waller had nothing." When he was told this, whether ten, twenty, thirty or thirty-three years ago, is not disclosed by the evidence.

The evidence is not sufficient to prove, or to warrant a jury in finding, that the estate of the deceased was insolvent during the long period which elapsed after the judgment was entered, or during the period of twenty years next before this action was brought.

On the other hand we have before us evidence that it appears by the returns to an execution against the estate of the said deceased that there was considerable personal and real property belonging to his estate, but how it was applied we do not know.

In our opinion the presumption of payment from lapse of time has not been rebutted, and we therefore direct that a nonsuit be entered.